United States District Court
Southern District of Texas
**ENTERED**
October 16, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| SHINTECH INCORPORATED, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:23-cv-00112 |
| § | |
| OLIN CORPORATION, *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Before me are a couple discovery disputes that typify the disturbing state of the discovery process in our judicial system. *See* Dkts. 141, 150. Although the fundamental purpose of pre-trial discovery is to minimize surprise at trial by allowing the widespread exchange of information, too many litigants do whatever they can to evade, obfuscate, and obstruct the discovery process. This case is a prime example. Both parties are to blame. Instead of focusing on what really matters, the parties have engaged in bickering and petty spats that fail to advance this litigation one iota.

To date, the lawyers in this case have demonstrated a complete inability to act reasonably and appropriately with each other. Believe it or not, the lawyers cannot even find time, as this Court requires, to confer in good faith to resolve discovery squabbles. For the past 20+ years, I have taught at the University of Houston Law Center and St. Mary's University School of Law. If a student pulled the same stunts and antics as the lawyers in this case have routinely employed, I would unquestionably fail that student. After reading this opinion, I sincerely hope these lawyers will stop their childish behavior and begin working cooperatively to complete the discovery necessary for both sides to adequately prepare for trial. The obstreperous behavior displayed by both sides must stop. It has no place in our system of justice.

## OVERVIEW OF THE DISCOVERY PROCESS

Federal Rule of Civil Procedure 26(b)(1) governs the permissible scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." FED. R. EVID. 401. Importantly, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *see also Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("Discoverable information is not limited to admissible evidence."). Nonetheless, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quotation omitted). Thanks to recent amendments, Rule 26(b)(1) offers guidance in evaluating whether the requested discovery is proportional to a given case. Factors to consider include the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

As part of the discovery process, the parties are free to engage in written discovery in the form of interrogatories, requests for production, and requests for admission. *See* FED. R. CIV. P. 33–34, 36. Rule 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). Where the responding party objects, the grounds for such objection "must be stated with specificity," and objections that are not timely made are waived. FED. R. CIV. P. 33(b)(4). Rule 34 provides that a proper response to a request for production of documents "must either state that inspection and related activities will be permitted as requested or

state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). In doing so, the party must also "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C).

## DISCOVERY DISPUTE NUMBER ONE

On August 18, 2023, Defendant Olin Corporation ("Olin") served two requests for production on Plaintiff Shintech Incorporated ("Shintech"). One request sought "all archived versions of your website www.shintech.com for the period January 1, 2015 to date." Dkt. 141-1 at 6. The other sought "all Material Safety Data Sheets for products sold by you or your affiliates for the period January 1, 2021 to date." *Id.*

These requests are simple and straightforward enough, but Olin found a way to complicate things. In addition to the two specific requests, Olin included a whopping six pages of definitions and instructions, defining 12 terms and providing nine instructions for Shintech to comply with in answering the requests for production. Included among the defined terms: VCM Contract; Blue Cube VCM; VCM Pricing Mechanism; Affiliate; PVC; PVC Net Back; July 7, 2023 Letter; 2017 Major Shutdown; 2020 Major Shutdown; Documents; and Communication. Why these terms are defined is beyond me. Not one of them is mentioned in the two requests sought by Olin.

But wait. There is more. Olin's "helpful" instructions include a couple of gems. Let me start with this one:

> To the extent that the location of a document called for by a request is unknown to you, please state that you lack knowledge of the document's location. If any estimate can reasonably be made as to the location of an unknown document, describe the document with enough particularity so that it can be identified, set forth your best estimate of the document's location, and describe why you have made this estimate of the document's location.

3

Dkt. 141-1 at 4. This instruction is nonsensical. It asks a party to estimate the location of an unknown document! To state the obvious, this is an impossible task. If this was the only incredibly poorly worded instruction, I could overlook it. Mistakes happen. But I continued reading and ran into this instruction purporting to define the terms "any" and "all":

> The use herein of the word "any" or the word "all" is intended generally to mean "each" and "every" but should be construed either broadly or narrowly, as necessary, to expand the scope of the discovery request and bring within the scope of the discovery request documents or information that might otherwise be considered outside its scope.

*Id.* at 6. What gibberish! This is the type of foolishness that gives the legal profession a bad name.

After receiving these discovery requests, Shintech had 30 days to respond. Despite Olin's superfluous definitions and instructions, one would expect Shintech to take the high road and respond squarely to the two requests. No such luck. Instead, Shintech's legal team decided to ratchet up the silliness. At the beginning of its discovery responses, Shintech provides a section titled "General Objections." Dkt.141-2 at 4. This section contains, among other things, a roughly 300-word objection to the definition of PVC—although, again, the definition was not utilized to request a single document. Shintech also includes a general, boilerplate objection to the production of any documents "protected from disclosure by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege, doctrine, law, or rule." Dkt. 141-2 at 4.[1] Of course, not one of

---

[1] This objection is not worth the paper it is written on. A blanket objection to the production of privileged documents, such as the one advanced by Shintech, flies in the face of the Federal Rules. Rule 26 provides, in part:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
>> (i) expressly make the claim; and

4

Olin's requests seeks any documents protected by a privilege. But why let that stand in the way of an opportunity to make a meritless objection? Shintech's responses also contain this general, boilerplate objection:

> Shintech's responses are made pursuant to, and as limited by, the Federal Rules of Civil Procedure and the Local Rules. The responses and objections here are based upon information available at this time within its possession, custody, and control and upon such investigation as was reasonable for Shintech to undertake.

*Id.* I truly have no clue what this language adds to the discussion. Not surprisingly, Shintech is unable to cogently explain how this so-called "objection" moves the needle. It is classic mumbo jumbo.

After a fierce letter-writing campaign between the parties that did nothing but waste time, effort, and money, Olin asked this Court to strike Shintech's General Objections. *See* Dkt. 141 at 2. In response, Shintech has the audacity to argue that it "did not assert boilerplate objections . . . and apply them to every request." *Id.* at 3. Yet, that argument flies in the face of Shintech's discovery responses—which are patently boilerplate—in which Shintech specifically asserts: "The following General Objections ('Objections') and statements *apply to each of the particular requests* propounded by Defendant and are hereby incorporated within each specific Response set forth below." Dkt. 141-2 at 4 (emphasis added).

This is my first opportunity to chime in on the increasing use of general, boilerplate objections in response to discovery requests, and in doing so I join the chorus of judges to lament this practice. "Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request. General objections refer to objections that a [responding party] asserts as applicable to multiple individual requests . . . A general objection untethered to

---

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A).

specific requests (and [thus] a boilerplate objection) is improper." *Hsieh v. Apache Deepwater, LLC*, No. 19-00408, 2021 WL 3502467, at *6 (M.D. La. Aug. 9, 2021); *see also* Matthew L. Jarvey, Note, *Boilerplate Discovery Objections: How They Are Used, Why They Are Wrong, and What We Can Do About Them*, 61 DRAKE L. REV. 913, 914 (2013) ("An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.").

Although it is certainly easy to slap together some boilerplate objections, they are not permitted by the Federal Rules of Civil Procedure. This is because objections to interrogatories and requests for production must be made with "specificity." FED. R. CIV. P. 33(b)(4); 34(b)(2)(B). "When objections lack specificity, they lack effect: an objection that does not explain its grounds (and the harm that would result from responding) is forfeited." *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018). "The idea that boilerplate in some talismanic way preserves an objection is fallacy. It has been fairly styled an 'urban legend.'" *Id.* (quoting Jarvey, *Boilerplate* at 925). As one court within the Fifth Circuit noted:

> General objections such as the ones asserted by Plaintiff are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple "general objections" are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.

*Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1–2 (W.D. La. July 25, 2011). This sentiment, which I wholeheartedly endorse, represents the consensus view on general, boilerplate objections. *See, e.g., Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020) ("[T]o meet the specificity requirements of Rules 33 and 34, an objecting party must do more than rattle off a litany of trite phrases or make an objection 'subject to' other trite phrases located elsewhere in

6

the discovery response. Instead, the objecting party must explain how each objection applies to each specific discovery request."); *Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("This prohibition against general objections to discovery requests has long been established."); *Near v. Eli Lilly & Co.*, No. 3:07-cv-00006, 2008 WL 11334459, at *1 (S.D. Iowa July 16, 2008) ("[T]he use of boilerplate, unsubstantiated objections is rejected by federal courts."); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667 (D. Kan. 2004) (General objections are "worthless for anything beyond delay of the discovery. Such objections are considered mere hypothetical or contingent possibilities where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery." (quotations omitted)); *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party]'s burden to explain its objections."); Jarvey, *Boilerplate* at 916 ("The problems with using boilerplate objections, however, run deeper than their form or phrasing. Their use obstructs the discovery process, violates numerous rules of civil procedure and ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases.").

To be abundantly clear, a party may not provide a laundry list of general or boilerplate objections in response to discovery requests. Asserting these objections is tantamount to making no objection at all. I strike all general objections.

## DISCOVERY DISPUTE NUMBER TWO

The next discovery dispute concerns various complaints Shintech lodges to discovery responses provided by Olin and Blue Cube Operations, LLC (collectively, "Defendants"). I can sub-divide Shintech's concerns into three categories.

**First**, Shintech complains that Defendants have failed to produce documents responsive to roughly 50 outstanding requests for production ("RFPs"). It should come as no surprise that when a discovery dispute like this one arises, I fully expect the parties to make a serious attempt to resolve the discovery

7

issues without court intervention. When those earnest and valiant attempts prove unsuccessful, the parties are free to ask the Court to intervene. What amazes and disappoints me is that the parties apparently cannot find time to meet to discuss this dispute. Merely exchanging self-serving emails and letters, as the parties have done here, does not constitute a good faith effort. It is apparent from the joint discovery letter submitted by the parties that the lawyers have yet to confer by phone, Zoom, or in-person about Shintech's concerns. And why is that? Well, it depends who you ask.

Shintech blames Defendants. *See* Dkt. 150 at 2 ("Shintech asked for a meeting three times . . . . Defendants provided no substantive response to Shintech's concerns or provided their availability."). Defendants blame Shintech. *See id.* at 3 (Shintech has "refused to make any attempt to meaningfully confer on the topics in their letters"). Whatever the case, the lawyers need to talk directly about the issues in dispute before I spend a considerable amount of time and effort combing through voluminous discovery requests and objections.[2] To be sure, it is incredibly embarrassing that a federal judge has to set a time and place for lawyers to meet to discuss case issues. But I will do so.

The lawyers in this case are ordered to get on Zoom at 9 a.m. CST on Wednesday, October 18, 2023, to discuss each request for production in dispute. Because I have no faith that the parties can arrange such a meeting themselves, my case manager will provide a Zoom link for the parties to use. I might even stop in to see if everyone is getting along. To the extent the Zoom meeting does not resolve all the issues, the parties shall jointly send me a chart identifying (1) the text of each discovery request in dispute; (2) the objection lodged by Defendants to each discovery request in dispute; (3) Shintech's arguments for why each document

---

[2] The joint discovery letter the parties submitted contained a total of 343 pages. *See* Dkt. 150. That is not a misprint. The parties actually submitted 343 pages—not for a dispositive motion, but for a discovery dispute—which I assume they expect me to review and digest. Apparently, the lawyers do not realize that I handle cases other than this one from time to time.

request in dispute is proper; and (4) Defendants' arguments for why each document request in dispute is improper. After reviewing that chart, I will determine whether I can promptly issue a ruling or whether an oral hearing is appropriate to further explore the contested issues.

**Second**, Shintech complains that Defendants' RFP responses almost uniformly conclude as follows: "Subject to, and without waiver of, Defendants' objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control." *Id.* at 2. This standard closing line, Shintech argues, "leaves unclear what, if anything, was produced notwithstanding the objections. Shintech is left guessing." *Id.* Defendants' response: But Shintech did it too! *See id.* at 3. My view: two wrongs do not make a right.

Using "subject to" or "without waiver" language is improper. As one federal court explained:

> Many federal courts have opined that "subject to" or "without waiving" objections are misleading, worthless and without legitimate purpose or effect. They reserve nothing. As one federal judge observed, "The Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a Party to object on the basis of any of the above reasons, and then state that 'notwithstanding the above,' the Party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." . . . "Without waiving" and "subject to" objections are cute and tricky but plainly violate the purpose of our *Rules of Civil Procedure*: "to secure just, speedy and inexpensive determination of every action."

*Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017) (emphasis added) (quoting Chief Justice Menis E. Ketchum II, *Impeding Discovery: Eliminating Worthless Interrogatory Instructions and Objections*, 2012–JUN W. VA. L. 18, 19-20 (2012)); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) ("[T]he practice of responding to interrogatories

9

and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." (cleaned up)). To be clear, litigants should never use "subject to" or "without waiver" language in response to a written discovery request.

**Third**, Shintech complains that although Defendants often refer in their interrogatory responses to "documents being produced in response to" Shintech's requests for production, Defendants fail to identify the referenced documents. Dkt. 150 at 2. Olin does not respond to this argument.

The Federal Rules of Civil Procedure specifically address this issue. Rule 33(d) allows a party to answer an interrogatory by producing business records from which the answer may be derived or ascertained. *See* FED. R. CIV. P. 33(d). However, Rule 33(d) can only be employed in limited circumstances. A party may use Rule 33(d) to answer interrogatories when: (i) "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records"; (ii) "the burden of deriving or ascertaining the answer will be substantially the same for either party"; and (iii) "the responding party . . . specif[ies] the records that must be reviewed[] in sufficient detail to permit the interrogating party to locate and identify them as readily as the responding party could." *Id.*

A party's obligation to specify the records to be reviewed "generally requires an answering party to point to specific documents, by name or bates number, and not pointing the requesting party generally to document productions." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 282 (N.D. Tex. 2017) (quotation omitted); *see also Kaupelis v. Harbor Freight Tools USA, Inc.*, No. SA CV 19-01203, 2021 WL 4816605, at *1 (C.D. Cal. Jan. 22, 2021) (Rule 33(d) "requires a party to identify specific records, not just point to its document production in general and say, 'it's in there.'"); *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016) ("When employing

Rule 33(d), a responding party must specifically identify the documents that contain the answers." (quotation omitted)); *Jacquez v. Compass Bank*, No. EP-15-cv-26, 2015 WL 11529918, at *1 (W.D. Tex. Dec. 17, 2015) (holding that responding to an interrogatory with "'see documents produced' is not an appropriate response"). In this case, Defendants repeatedly state in their discovery responses something along the lines of: "In further response to this Interrogatory, Defendants refer to the documents being produced in response to Plaintiff's Requests for Production of Documents." Dkt. 150-5 at 22–23. This is improper. Defendants have not complied with Rule 33(d) and adequately specified by category and location the business records containing the answers to the interrogatories. "The appropriate answer when documents are to be used [under Rule 33(d)] is to list the specific document provided [to] the other party and indicat[e] the page or paragraphs that are responsive to the interrogatory." *Colorado ex rel. Woodard v. Schmidt–Tiago Constr. Co.*, 108 F.R.D. 731, 735 (D. Col. 1985). Defendants are ordered to do so.

## CONCLUSION

Of course, the objections scrutinized above are overruled. The parties are ordered to discuss their discovery disputes in the Zoom meeting at the date and time stated above.

I did not enjoy drafting this opinion. I take no satisfaction in criticizing counsel for conduct unbecoming of the profession. But this flagrant disregard for the discovery process—and each other—must end. Now.

SIGNED this 16th day of October 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE