United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| SHINTECH INCORPORATED, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00112 |
| | § | |
| OLIN CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Plaintiff Shintech Incorporated ("Shintech") has filed a Motion for Partial Summary Judgment. Dkt. 136. In that motion, Shintech seeks a declaration from the Court that the term "PVC" as used in the relevant contract between the parties means "PVC resin" only. Shintech further seeks partial summary judgment on the exclusion of certain sales to affiliates from the calculations set forth in the applicable agreement. In support of its motion, Shintech references a host of documents, including three declarations—one from Toshiaki Ansai (Shintech's Vice President), one from Cliff Moore (an expert witness retained by Shintech), and one from David Salton (Shintech's counsel).

Defendants Blue Cube Operations, LLC and Olin Corporation (collectively, "Defendants") have moved, under Federal Rule of Civil Procedure 56(d), to abate consideration of Shintech's Motion for Partial Summary Judgment in order to allow Defendants the opportunity to pursue discovery. *See* Dkt. 155. Defendants ask me to refrain on ruling on Shintech's Motion for Partial Summary Judgment until fact and expert discovery is complete.

As a general rule, "[s]ummary judgment is appropriate only where the plaintiff has had a full opportunity to conduct discovery." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (quotation omitted). To obtain a continuance of a summary judgment motion to conduct additional discovery, a

nonmovant must strictly follow the procedure set forth in Rule 56(d). Rule 56(d) states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . allow time to obtain affidavits or declarations or to take discovery." FED. R. CIV. P. 56(d)(2). Rule 56(d) permits "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quotation omitted).

Rule 56(d) motions are "'broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotation omitted); *see also Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) ("Given the precautionary nature of [Rule 56(d)], these requests ordinarily are treated and reviewed liberally.").

As required by Rule 56(d), Defendants have submitted a declaration from their counsel, Robert F. Redmond, Jr. The declaration is far from perfect—it states that Defendants need additional discovery to respond to the Motion for Partial Summary Judgment, but it does not explain in great detail what exactly is required and how that information will influence the pending Motion for Partial Summary Judgment. Even so, Defendants have done enough at this stage to demonstrate that some additional discovery is necessary before I rule on the Motion from Partial Summary Judgment. To start, fairness dictates that Defendants be allowed to depose the three individuals who have submitted declarations in support of Shintech's Motion for Partial Summary Judgment. I am also going to allow the parties to jump into the discovery phase full speed ahead. I am not, however, going to delay consideration of the Motion for Partial Summary Judgment, as Defendants request, until the discovery period ends in September 2024. At this point in time, Defendants should focus on the discovery they need to fully respond

to the Motion for Partial Summary Judgment. A response to the Motion for Partial Summary Judgment will be due on April 26, 2024. Shintech may file a reply in support of its Motion for Partial Summary Judgment by May 10, 2024.

In conclusion, I **GRANT** Defendants' Rule 56(d) motion (*see* Dkt. 155) as discussed in this Opinion and Order.[1]

SIGNED this 30th day of November 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] A Rule 56(d) motion to defer consideration of a motion for summary judgment is a non-dispositive motion for which a magistrate judge can issue an Opinion and Order. *See SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, No. 20-2970, 2021 WL 4460522, at *5 (E.D. La. Sept. 29, 2021)*; Knapp v. Cate*, No. 1:08-cv-01779, 2013 WL 150013, at *1 (E.D. Cal. Jan. 14, 2013).