United States District Court
Southern District of Texas
**ENTERED**
January 31, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SHINTECH INCORPORATED, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00112 |
| | § | |
| OLIN CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Partial Motion to Dismiss Blue Cube Operations, LLC's Amended Counterclaim filed by Plaintiff Shintech Incorporated ("Shintech"). Dkts. 298 (redacted), 299 (sealed). Shintech seeks dismissal of a purported alter ego counterclaim and an unjust enrichment counterclaim brought by Defendant/Counter-Claimant Blue Cube Operations LLC ("Blue Cube"). For the reasons discussed below, I recommend that Shintech's motion be denied.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678. In evaluating the pleadings, I must "construe facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation omitted).

## ANALYSIS

### A.   BLUE CUBE DOES NOT ALLEGE AN ALTER EGO CLAIM.

Shintech first asks that Blue Cube's alter ego counterclaim be dismissed. This request has one glaring problem: Blue Cube's Amended Counterclaim contains no alter ego claim. To put to rest any concern that Blue Cube is surreptitiously trying to advance an alter ego claim, Blue Cube states unequivocally in its response to Shintech's motion to dismiss that "Blue Cube does not make an alter ego claim." Dkt. 320 at 12. To the extent Shintech seeks to prevent Blue Cube from "relying upon an alter ego [theory] to support one of [its] counterclaims," that is more appropriately handled through a motion in limine at trial, if that time comes. Dkt. 408 at 5. Accordingly, Shintech's motion to dismiss Blue Cube's non-existent alter ego claim should be denied.

### B.   BLUE CUBE STATES AN UNJUST ENRICHMENT CLAIM.

Shintech next seeks to have Blue Cube's unjust enrichment counterclaim dismissed. This court has already acknowledged three exceptions to the general rule that "when a valid, express contract covers the subject matter of the parties' disputes, there can be no recovery under a quasi-contract theory" like unjust enrichment. *Shintech Inc. v. Olin Corp.*, 723 F. Supp. 3d 546, 553 (S.D. Tex. 2024) (quoting *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)). Those exceptions are: "(1) when the validity or terms of the express contract are in dispute; (2) when the defendant committed fraud; and (3) when the plaintiff overpaid." *Shintech Inc.*, 723 F. Supp. 3d at 553 (quotation omitted). "Because the plausibility of only one exception is enough for these claims to survive the motion to dismiss," *id.*, I will focus only on the second exception.

Although billed as "the fraud exception," the second exception encompasses conduct that is less than actual fraud. Under Texas law, a plaintiff may recover on a theory of unjust enrichment "when 'one person has obtained a benefit from another by fraud, duress, *or the taking of an undue advantage*.'" *Matter of Okedokun*, 968 F.3d 378, 391 (5th Cir. 2020) (emphasis added) (quoting

*Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). Blue Cube contends that its unjust enrichment claim falls within this exception because the allegedly "intentional underreporting of PVC sales and manipulation of the PVC Net Back by Shintech constitutes fraudulent conduct under Texas law." Dkt. 320 at 16. Shintech retorts that "Blue Cube's generic assertion of 'fraud' fails to comply with Rule 9(b)." Dkt. 325 at 9. Maybe so, but fraud is not the standard.

> According to the Fifth Circuit,
>
> the available Texas authorities do not foreclose the possibility that a litigant may show the taking of an undue advantage without showing the violation of a law or legal duty . . . . To be sure, the phrase 'taking of an undue advantage' is not well-defined in Texas law. Courts have found an undue advantage where the offending party took advantage of a position of trust. . . .
>
>     . . . .
>
> These authorities leave open the possibility that litigants may elect to premise their unjust enrichment claims on conduct that, while not illegal, is nevertheless wrongful, unethical, or otherwise unjust.

*Digit. Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 382–83 (5th Cir. 2020) (cleaned up).

Blue Cube alleges that "[a] significant amount of trust is implicit in the use of [the VCM Contract's] pricing mechanism, which allows the Parties to self-report elements of the pricing calculation based on their own sales data." Dkt. 276 at 3. Blue Cube alleges that this trust was violated when Shintech used its affiliates to "exclude[] upwards of 30% of its PVC sales from the PVC Netback—robbing Blue Cube of its contractually required PVC Netback." *Id.* at 4. Shintech retorts that "Blue Cube's alleged 'surprise' is disingenuous at best." Dkt. 325 at 9. That may be true—but the dispute only serves to demonstrate how inappropriate it would be to dispense with this claim at the motion to dismiss stage. Because "undue advantage" is a lower standard than fraud, and because motions to dismiss are viewed with disfavor, I cannot recommend eliminating Blue Cube's unjust enrichment claim at this early stage of the litigation.

## CONCLUSION

I recommend that Shintech's Partial Motion to Dismiss Blue Cube Operations, LLC's Amended Counterclaim (Dkts. 298, 299) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 31st day of January 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE