Case 3:23-cv-00112   Document 726   Filed on 12/08/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2025
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## Galveston Division

No. 3:23-cv-112

Shintech Incorporated, *Plaintiff*,

v.

Olin Corporation, *et al.*, *Defendants*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

Shintech moved for partial summary judgment in June 2025, arguing the defendants' breach-of-contract claim predicated on the caustic net back true-up theory (the "True-Up Claim") has no basis in the VCM Contract such that it fails to establish a breach. Dkts. 476 (redacted), 478 (sealed). The defendants argue that the law will not allow Shintech a windfall of millions of dollars due to a miscalculated net back. Dkts. 543 (redacted), 544 (sealed). For the reasons that follow, the court grants the motion, Dkts. 476, 478.

### I. Background

The court has recounted the facts of this dispute multiple times. *See, e.g.*, Dkt. 679. What matters here is the VCM pricing formula (specifically,

the caustic net back component), of which the court reproduces its previous recitation:

> The contract does not have a fixed price for VCM. Instead, it follows a complex pricing formula and invoicing procedure that contemplates all components of the integrated PVC supply chain. The parties define the VCM price as the "sum of the monthly cash cost of ethylene and production for chlorine, EDC and VCM plus [Blue Cube's] share of the total margin." Ethylene, chloride, and EDC are the chemical precursors to VCM. In other words, the contract includes a cost-plus based pricing model where the "plus" is determined by considering the margin on the product made with VCM. Blue Cube invoices Shintech monthly at an estimated price for the VCM delivered; Shintech pays Blue Cube a "PVC net back" for the PVC it produces from the VCM; and Blue Cube pays Shintech a "caustic net back" for the caustic soda Blue Cube produces and sells as by-product of VCM. Blue Cube may adjust the VCM price based on the contract's pricing formula before issuing the appropriate debits and credits. If either party disputes a PVC or caustic-soda net back's accuracy, it may request and receive a statement of audit performed by the other party's independent public accountant.

*Id.* at 3–4 (alteration in original) (internal citations omitted).

A dispute arose over pricing in March 2023. Dkt. 398 ¶¶ 82–83. The defendants claimed they had miscalculated the caustic net back for 2021 and 2022 and demanded nearly $12 million from Shintech, to be paid immediately. *Id.* ¶¶ 82–84, Dkt. 278 ¶ 117. They refused to supply VCM to Shintech until the parties resolved the dispute. Dkt. 398 ¶ 84. Shintech sued the defendants for breach of contract the following month. *Id.* ¶ 98. The defendants counterclaimed, alleging, in part, breach of contract due to

Shintech's refusal to reimburse the allegedly overpaid caustic net back amounts. Dkt. 278 ¶¶ 112–120.

## II. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hou. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). For each cause of action moved on, the movant must set forth those elements for which it contends no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when "a party fails to properly support an assertion of fact or fails to properly address another

party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Hous. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

"The elements of a breach[-]of[-]contract claim are '(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.'" *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied) (quoting *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.)).

### III. Analysis

Shintech argues that, because the VCM contract does not allow Blue Cube to unilaterally recalculate past net backs and demand payment from Shintech, Blue Cube's breach-of-contract claim fails to allege a breach. Dkt. 478 at 6, 13. The defendants argue that the miscalculation constitutes a "windfall" that the "contractual language, law, and basic justice" will not tolerate. Dkt. 544 at 4.

The defendants' argument fails. First, the contractual language does

not reach the issue at hand—something the defendants recognize. *Id.* at 13 (asserting "the VCM Contract is *silent* as to the treatment of miscalculations of the Caustic Netback and how to remedy [the] same"). The contract cannot lend the defendants a hand here.

The law does not help the defendants, either. The defendants assert they miscalculated the caustic net backs for 2021 and 2022. Dkt. 278 ¶¶ 114–15. As a result, they argue they overpaid Shintech. *Id.* ¶ 117 (alleging "Shintech received an excessive Caustic Net Back credit"). The law does provide relief for overpayments in some circumstances. *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469 (Tex. 1998). Unfortunately for the defendants, such a claim must be brought through an equitable claim, not one for breach of contract. *See Peregrine Oil & Gas, LP v. HRB Oil & Gas, Ltd.*, No. 01-17-00180-CV, 2018 WL 4137026, at *8 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. denied) ("If there is no contractual provision on point that would prevent [a party] from accepting, or requiring [a party] to return, alleged revenue overpayments, [the other party] would only be able to seek recovery through a claim in equity, not for breach of contract."); *see also Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 742 (Tex. App.—Texarkana 2017, pet. denied)*; DeClaire v. G & B Mcintosh Fam. Ltd. P'ship*, 260 S.W.3d 34, 49 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

This is not news to the defendants. In their response to Shintech's motion, they invoke equitable doctrines such as unjust enrichment and quasi-contracts. Dkt. 544 at 14. Further, they alleged an unjust-enrichment claim against Shintech on other grounds. *See* Dkt. 278 ¶¶ 152—55. So, to return to the defendants' core contention, "basic justice" (a.k.a. equity) does provide a route to relief for the kind of grievance it brings. But they are barking up the wrong tree by asserting a breach-of-contract claim.

*   *   *

The court grants Shintech's motion for partial summary judgment, Dkts. 476, 478, finding Shintech is entitled to judgment as a matter of law on the defendants' True-Up breach-of-contract claim. The court dismisses count two of Blue Cube's amended complaint to the extent it relies on Shintech's protest regarding caustic net back reimbursement.

It is so ordered.

Signed on Galveston Island this 8th day of December, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE